IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BABAR JAVED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2036-M-BN |
| | § | |
| JOHN KERRY, SECRETARY, U.S. | § | |
| DEPARTMENT OF STATE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 4. The undersigned recommends that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve within the required time period.

Plaintiff Babar Javed filed this civil action against numerous defendants and paid the filing fee. *See* Dkt. Nos. 1 & 3. On October 7, 2013, the undersigned entered an Order noting that, under Fed. R. Civ. P. 4, Plaintiff was responsible for serving each defendant with a summons and a copy of the complaint and noting that Plaintiff had failed to comply with these service requirements. *See* Dkt. No. 13. The Court further ordered Plaintiff to effect proper service by October 28, 2013 and to provide to the Court proof of service, as required by Fed. R. Civ. P. 4(l), by October 31, 2013. *See id.* The October 7, 2013 Order expressly warned Plaintiff that, if he failed to do so, the

case would be subject to dismissal without further notice. *See id.* (citing FED. R. CIV. P. 4(m)).

To date, Plaintiff has not provided the Court with any filing to demonstrate or certify that any defendants has been properly served with a summons and a copy of the complaint as required by Rule 4 and 28 U.S.C. § 1391(e). Thus, more than 120 days have passed since Plaintiff filed this action, and Plaintiff has not complied with Fed. R. Civ. P. 4(m), despite having been given ample time and opportunity to do so – including an extension of time that the Court *sua sponte* ordered in its October 7, 2013 Order. Neither has Plaintiff shown cause for his failure to serve the defendants or to file proof of service. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

**Recommendation**

Plaintiff's case should be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 5, 2013

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE